

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Robert M. Vrana**
P 302.571.6726
rvrana@ycst.com

**VIA CM/ECF**                                                                                           February 26, 2024

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 9, Room 6325
Wilmington, DE  19801-3555

      Re:    *Belden Canada ULC v. CommScope, Inc. et al*, No. 22-782-RGA
             *Belden Inc. v. CommScope, Inc. et al.*, No. 22-783-RGA

Dear Judge Andrews:

      Plaintiff Belden Canada, ULC ("Belden") submits this letter in advance of the March 4, 2024, discovery conference in opposition to the request of defendants CommScope, Inc., CommScope, Inc. of North Carolina, and CommScope Technologies LLC (collectively, "CommScope") that the Court compel Belden to withdraw its numerosity objections and answer certain of CommScope's interrogatories.

### A.  CommScope's Requests for Facts, Documents and Persons are Separate Interrogatories

      CommScope's Interrogatory Nos. 6 (Reede) and 7 (Cable), the example chosen by CommScope,[1] has three distinct subparts because it requests facts, documents and persons.  First, it requests facts: "[d]escribe in detail all facts, separately with respect to each CommScope Defendant, supporting Belden's contention that Defendants have willfully infringed the Asserted Patent."  Second, it requests documents: "identify all documents and communications that you contend to support such contention."  Third, it requests persons: "identify the five persons you contend to be most knowledgeable about such contention."  *See* D.I. 70, Ex. A at p. 12; D.I. 70, Ex. B at p. 14.

      Belden's objections follow this Court's guidance to Belden's counsel in a prior case that facts and documents count as two separate interrogatories.  Specifically, in *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, No. 15-915-RGA (October 14, 2016), the parties cited *Medigus*, but the Court turned to "a case which is not one of the ones you cite."  *See* D.I. 70, Ex. D at 3:20-5:7 (ECF PageID # 921).[2]  This Court preferred *Banks v. Office of the Senate Sergeant-At-Arms & Doorkeeper*, 222 F.R.D. 7 (D.D.C. 2004), supporting the proposition that "information about a certain event and the documents about it should be counted as two separate

---

[1] CommScope makes no arguments regarding Belden's other interrogatory subpart objections, so that the Court should sustain those remaining objections.

[2] Belden shared this transcript ruling with CommScope during the meet and confer process. CommScope's only response was to cite an irrelevant transcript ruling from Judge Hall, stating that "recent case law in Delaware does not support Belden's position."  *See* Ex. 1 at p. 1; Ex. 2 at pp. 8-10.

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
Page 2

interrogatories." *See id.* *Banks* is directly on point here and explains that "[t]he first and most obvious example is the combining in a single interrogatory of a demand for information and a demand for the documents that pertain to that event. Clearly, these are two distinct demands because knowing that an event occurred is entirely different from learning about the documents that evidence it occurred." *Banks*, 222 F.R.D. at 10. Belden based its objections and its own interrogatories on what it understood to be the Court's preferred method of counting from the *Banks* case.

Numerous additional cases confirm that requests for facts, documents and persons count as three separate interrogatories. In *Superior Communs. v. Earhugger, Inc.*, the interrogatory in question stated "[s]tate all of the facts that support or undermine the allegation in YOUR answer to the Complaint. Identify all PERSONS who have knowledge of these facts. Identify all DOCUMENTS and things that RELATE or refer to those facts." 257 F.R.D. 215, 218 (C.D. Cal. 2009). The court explained that the interrogatory "has at least three discrete subparts: facts; persons; and documents." *Id.*; *see also United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 527 (D.D.C. 2006) ("For example, No. 27 **requests all facts** supporting Relator's contention that DTCA was aware of the illegal conduct of the medical directors identified in the answer to No. 26; asks Relator to **identify each person** who knew, and to explain how they knew, of the violations. Finally, it requests that Relator **identify all documents** that support the contention as to each medical director. This single interrogatory is **more accurately counted as three separate interrogatories**.") (emphasis added); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (evaluating the interrogatory "*[i]dentify each person* whom you expect to call as an expert witness at trial, *state the subject matter* on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications" and finding that "[t]his looks to the court to be three separate interrogatories.").

CommScope fails to distinguish the case law cited above that is directly on point and provided to CommScope during the meet-and-confer process. Instead, CommScope argues that the facts, documents, and persons are not separate and distinct by citing to examples that are distinguishable. *See* D.I. 70 at pp. 2-3; *Medigus Ltd. v. Endochoice, Inc.*, No. 15-505-LPS-CJB, 2016 WL5791409, at *2 (D. Del. July 19, 2016) (request regarding dates for four specific sub-events were not separate interrogatories); *Engage Healthcare Commc'ns, LLC v. Intellisphere, LLC*, No. 12-00787, 2017 WL 2371834, at *2 (D.N.J. Feb. 10, 2017) (request regarding each of Plaintiff's trademarks were not separate interrogatories); *see also Robocast, Inc. v. Netflix, Inc.*, No. 22-305-RGA-JLH, D.I. 119 at 9:3-8 (D. Del. Aug. 29, 2023) (ordering Robocast to respond to all outstanding interrogatories where it agreed that Google did not serve more than 25 interrogatories, and Robocast failed to explain in its briefing how it counted Netflix's interrogatories and why its count was "appropriate"); (Ex. 2 at pp 8-10).

And in the Interrogatory Nos. 6 (Reede) and 7 (Cable) examples cited by CommScope, D.I. 70 at p. 2, each inquiry can stand alone. *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (D. Nev. 1997) (finding multiple interrogatories where "the subsequent question stand alone"). The first inquiry asks Belden to explain its legal theory that "Defendants have willfully infringed" in this case. *See* D.I. 70, Ex. A at p. 12; D.I. 70, Ex. B at p. 14. The second inquiry asks to "identify all documents and communications that" support willful infringement. *Id.* This second inquiry can stand alone and apart from the first inquiry, because an explanation of Belden's legal theory

Young Conaway Stargatt & Taylor, LLP
The Honorable Richard G. Andrews
Page 3

does not require identifying documents and communications, and vice versa. And the third inquiry requests "persons you contend to be most knowledgeable about" willful infringement. *Id.* This third inquiry also can stand alone, because who these persons are does not have anything to do with Belden's legal theory or identifying documents.

**B. Belden Has Not Engaged in Selective Discovery**

CommScope's argument that Belden has engaged in selective discovery is incorrect because Belden has not selectively answered any interrogatories. *See* D.I. 70 at p. 3. CommScope cites to Belden's Objections and Responses to Defendant's First Set of Interrogatories in the Reede case. In its Objections and Responses, Belden contends that CommScope's First Set of Interrogatories Nos. 1-9 include interrogatories with subparts such that "CommScope has, therefore, served a total of twenty-five (25) interrogatories and has used all of its twenty-five (25) interrogatories in this case. Belden therefore objects to any interrogatory over the twenty-five (25) interrogatory limit as CommScope has neither sought nor received leave of the Court to serve additional interrogatories." *See* D.I. 70, Ex. A at p. 4. Belden provided answers to CommScope's First Set of Interrogatories, and objected to any further interrogatories; Belden did not pick and choose which Interrogatories to answer.

Regarding CommScope's request for leave to serve up to 10 additional interrogatories in the Reede matter and up to 10 additional interrogatories per asserted patent in the Cable matter, this request was not the subject of the parties meet-and-confer and should therefore be rejected on that basis. LR 7.1.1 (requiring averment that "a reasonable effort has been made to reach agreement with the opposing party" and that "failure to so aver may result in dismissal of the motion"); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, C.A. No. 09-80-JJF-MPT, 2010 WL 1135739, at *2 (D. Del. Mar. 23, 2010) (denying discovery motion for failure to comply with LR 7.1.1 and ordering parties to meet and confer). In addition, CommScope has provided no explanation or particularized showing for what specific interrogatories are needed and why. *Price v. Deloy*, No. 08-444-GMS, 2011 WL 2470444, at *3-4 (D. Del. June 21, 2011) (granting leave to serve additional interrogatories due to showing of the "[m]any issues remain[ing]"). If the Court is nevertheless inclined to grant additional interrogatories—which it should not—Belden respectfully requests that it be given the same additional interrogatories so the parties remain on even ground.

For the foregoing reasons, the Court should deny CommScope's motion.

Respectfully submitted,

*/s/ Robert M. Vrana*

Robert M. Vrana (No. 5666)

Enclosures (Exhibits 1-2)

cc:     Counsel of Record (by CM/ECF and email)
        Clerk of the Court (by hand delivery)